Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0013 | **DATE** | February 10, 2011 |
| **CASE TITLE** | Paul Mathew Parisi (B-35580) v. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT:**

The court grants Plaintiff's motion for leave to file *in forma pauperis* [3] and assesses an initial filing fee of $13.30. The court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk is directed to send to Plaintiff an amended civil rights complaint form and filing instructions. Plaintiff's failure to comply with this order will result in dismissal of this case without prejudice. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The court may reconsider whether to appoint counsel at a later stage of these proceedings.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff Paul Mathew Parisi (B-35580), an inmate at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 action against Stateville Dr. Ghosh, Dr. Zhang, two attending physicians, Dr. Ngu, Dr. Kevin Smith, Physician Assistant L. Williams, Assistant Warden Hosey, Wexford Health Sources, and Wexford's Chief Executive Officer Kevin Halbran. Plaintiff alleges that he has received inadequate medical treatment for abdominal tumors since 2002. Plaintiff seeks to proceed *in forma pauperis* in this court.

Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee. The court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $13.30. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Stateville authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

## STATEMENT

    Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. The current complaint chronicles a history of inadequate medical treatment by various Stateville personnel dating back to 2002. The limitations period for 42 U.S.C. § 1983 claims in Illinois is two years, not including the time during which an inmate sought administrative remedies. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001). Although time-bar is an affirmative defense, a court may dismiss a complaint where such a defense is apparent on the face of the complaint. *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Only some of the events stated in Plaintiff's complaint occurred in 2009 and 2010; however, it is unclear which Defendants other than Dr. Ghosh are associated with the more recent claims. A complaint must provide a Defendant with sufficient notice of the claim being alleged against him or her, as well as the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The current complaint does not provide such notice with respect to allegations of inadequate medical treatment during 2009 and 2010.

    Accordingly, the court dismisses the complaint without prejudice to Plaintiff submitting an acceptable complaint. To proceed with this case, Plaintiff must submit an amended complaint that asserts only timely claims and that clearly indicates how each Defendant was involved. Plaintiff need not include as Defendants those parties who allegedly provided inadequate treatment well over two years ago. Nor does Plaintiff need to provide an exhaustive account of his medical history in his complaint. A short description of his condition and the more current alleged accounts of deliberate indifference to his medical needs will suffice. Plaintiff should also indicate whether the alleged lack of adequate treatment still exists or whether his claims involve only past inadequacies. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in the dismissal of this case without prejudice.

    Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the court with a sufficient number of copies.

*Wm. J. Hibbler*