Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 13 | **DATE** | April 5, 2011 |
| **CASE TITLE** | Paul Mathew Parisi (B-35580) v. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

The court appoints counsel for Plaintiff. Paul B. Porvaznik, Menges & Molzahn, 20 North Clark St, Ste 2300 Chicago, IL, 60602-5002, tel: (312) 917-1880, is appointed to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rules 83.11(g). Within 45 days of the date of this order, counsel shall enter an appearance and inform the Court whether he intends to proceed with the current complaint or submit an amended one, if an amended complaint comports with counsel's obligations under Fed. R. Civ. P. 11. The clerk shall forward to counsel a copy of Plaintiff's amended complaint [6].

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Paul Mathew Parisi (B-35580), is incarcerated at Stateville Correctional Center. His original complaint chronicled inadequate medical treatment by the prison's physicians dating back to 2002. In an amended complaint, Plaintiff clarifies that he has had a condition that causes fibroid tumors in his abdomen. Some tumors were removed in 2002, and Plaintiff has been treated by prison physicians Dr. Ghosh, Dr. Zhang, and Dr. Williams since that time. Plaintiff contends that Dr. Ghosh has repeatedly ignored Plaintiff's complaints of pain and tumors and has conducted only cursory examinations without either prescribing medications, ordering tests, or sending Plaintiff for an examination by a specialist. Plaintiff alleges that Dr. Zhang provided similar treatment, although Plaintiff states that she ordered blood tests. Dr. Williams, a physician who recently started at Stateville, examined Plaintiff in July 2009. According to Plaintiff, Dr. Williams examined Plaintiff, spoke to Dr. Ghosh, and simply made another appointment for Plaintiff the following week without ordering tests or referring him to a specialist.

Although deliberately inadequate treatment of painful benign tumors may establish a claim of deliberate indifference, *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976), constitutionally acceptable treatment does not entitle prisoners to "the medical care they believe to be appropriate." *Tucker v. Wisconsin Dept. of Corrections*, No. 06 C 066-C, 2006 WL 358566, *5 (W.D. Wis. Feb. 15, 2006) (Crabb, J.). Neither a mere difference of opinion nor even malpractice establishes deliberate indifference. *Estelle*, 429 U.S. at 107)). Plaintiff's allegations indicate that he was being examined by prison physicians, that they examined him and prescribed medications, but that none of them referred him to a specialist for treatment. Plaintiff's allegations state a colorable cause of action of deliberate indifference, such that the Defendants should respond. *See Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). However, summonses shall not yet issue for the Defendants.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Given the nature of Plaintiff's claims, the court appoints an attorney for Plaintiff. Paul B. Porvaznik, Menges & Molzahn, 20 North Clark St, Ste 2300, Chicago, IL, 60602-5002, tel: (312) 917-1880, is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(g) and 83.37. Within 45 days of the date of this order, counsel should enter an appearance, discuss the case with Plaintiff, and inform the court whether he wants to proceed with the original complaint (at which time counsel can direct the issuance of summonses) or file an amended complaint, if counsel is able to do so within his duties under Fed. R. Civ. P. 11. If referral to Plaintiff to a specialist for his condition and abidance by the Defendants and other Stateville physicians to the treatment plan, if any, set out by the specialist would resolve Plaintiff's claims, the parties may settle the case and submit a stipulation of dismissal in lieu of an amended complaint.

*Wm. J. Hibbler*